## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFINA MUNEER, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> **Defendants.** | Civil Action No. 19-1072 (ESH) |

## ORDER

Plaintiffs' complaint seeks a writ of mandamus to compel defendants to complete all administrative processing of plaintiffs' visa applications within 60 days or, alternatively, a writ of mandamus to compel defendants to issue the visas. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment, arguing that plaintiffs' requests for relief have become moot because the Department of Homeland Security has adjudicated their visa applications and the consular officers' denials are not judicially reviewable. (*See* Defs.' Mot. to Dismiss, ECF No. 6.) In support, they have attached two sworn declarations stating that plaintiffs' visa applications were denied by consular officials. (*See* Declaration of Gregory Richardson, ECF No. 6-2; Declaration of Chloe Dybdahl, ECF No. 6-3.)

This action has been brought by the same lawyer who brought the case of *Dvorak v. U.S. Dep't of Homeland Sec.*, No. 18-cv-1941, 2019 WL 1491743, at *1 (D.D.C. Apr. 3, 2019). The procedural posture of that case and this case are exactly the same, and the cases present identical issues. As explained more fully by Judge Friedrich in the *Dvorak* case, this court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1) because plaintiffs' claims are moot. Further, as was

the case in *Dvorak*, plaintiffs failed to file any opposition to defendants' motion to dismiss. Thus, under Local Civil Rule 7(b), the Court may treat this motion as conceded. *See Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 344 (D.C. Cir. 2018).

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**; it is further

**ORDERED** that defendants' motion for summary judgment is **DENIED AS MOOT**; and it is further

**ORDERED** that plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

*Ellen S. Huvelle*

ELLEN S. HUVELLE
United States District Judge

Date: August 27, 2019

---

[1] "[A] Rule 12(b)(1) dismissal for lack of jurisdiction generally is not a decision on the merits and therefore should be without prejudice." *Montgomery v. Comey*, 752 F. App'x 3, 5 (D.C. Cir. 2019) (per curiam).